## Gerrish v. Pike, Ex'r of Blanchard.

Among the ways in which a witness may be impeached is to show that he has made statements out of court contrary to what he has testified at the trial.

C., a witness, testified that he saw certain notes given up by one G., as the consideration of a deed. To impeach his testimony, A. testified that the witness told her that he did not see the notes given up, and added that G. subsequently told him that he had the notes at home in his desk. — *Held,* that, although C. might be recalled to testify whether he made the last statement to A., yet it was not competent to call G. to testify whether he made it to C., the point being whether C. had given different accounts of the matter.

Where the value of a tract of land was in controversy — *held,* that the party whose interest it was to reduce the value could not show for what rent he let the premises after the controversy arose, as tending to show the value.

The rules of court which provide that twenty days' notice of the caption of depositions shall be sufficient in all cases, do not apply where it would be impossible to overcome the distance between the place of notice and of caption in that time. In such cases the court before whom the cause is tried will decide, upon evidence furnished, whether the notice has been given a reasonable time before the caption, as provided by the statute.

A notice of the taking of depositions at San Francisco was served upon a party residing in this State forty-five days before the caption. The court below,

before whom the action was tried, upon the examination of evidence furnished, decided that reasonable notice had been given. — *Held,* that the practice adopted was correct, and that this court would not revise that decision.

WRIT OF ENTRY, for a farm in Franklin, known as the Fifield farm. The action was commenced on the 3d day of March, 1854, against Sarah Blanchard, who afterwards died, and this defendant, her executor, came in to defend.

The plea was the general issue.

The plaintiff proved a deed from one Calvin Gerrish, the admitted former owner of the premises, executed on the 6th day of February, 1852. The defendant contending that said deed was fraudulent as against creditors, claimed under the extent of two executions against Calvin, one in favor of Sarah Blanchard, the other in favor of said Sarah, executrix of Ebenezer Blanchard, her husband, who, by his will, made Sarah residuary legatee and devisee of all his estate.

Said Ebenezer's estate was solvent, and the notes on which said judgment was founded passed to Sarah by the will, and were sued by her, for her own use in said action. To this title the plaintiff did not except. The attachment in both actions against Calvin were made on said 6th day of February, the same day on which the deed under which the plaintiff claims, was made. The deed was drawn by Judge Fowler, at his office in Concord, and attested by him. At the same time a deed of mortgage was drawn by said Fowler, and executed in his presence by Calvin, of certain other real estate, to his brother, David A. Gerrish, purporting to secure a note due to David, and certain liabilities as surety. The writs of attachment under which the defendant claims were also made on the same day, and in both of them said David A. Gerrish and the plaintiff were summoned as trustees.

The defendant called Judge Fowler, who testified as to some facts relative to the execution of the deed, but the plaintiff objecting that said Fowler was acting as the counsel of Calvin and David in drawing the conveyances, the court ruled that his testimony (as to the object of the conveyances,) was incompetent.

It appeared that the plaintiff was not at the office of Judge Fowler on the 6th of February ; that David A. Gerrish acted for him, and that previous to the calling of Judge Fowler as a witness, by the defendant, the plaintiff had introduced the said David A. Gerrish, who had testified as to all that was done and said in Judge Fowler's office on the 6th day of February aforesaid.

The plaintiff proposed to show that the disclosure of David as trustee in said actions was taken, and that said Fowler acted as David's counsel in the making of said disclosure, (and that the validity of the conveyances made on the 6th of February was investigated,) with the intent that the jury might infer from the position of said Fowler, as counsel for David, and the theory of David's defence as such trustee, that the conveyances were not fraudulent.

The court ruled this inadmissible, and the plaintiff excepted.

One Enoch Coffin testified in his deposition that he was present at the execution of the deeds at Judge Fowler's, and that he saw certain papers delivered by David to Calvin Gerrish, which the plaintiff contended were notes held by the plaintiff against Calvin, and then given up by David, as the plaintiff's agent, as the consideration for said conveyance to the plaintiff. The defendant contended that no notes or other papers were thus delivered by David to Calvin ; and, to discredit said Coffin, called as a witness Maria B. Ames, who testified that in May, 1852, Coffin stated in her hearing that he did not, on the occasion referred to, see any notes or papers delivered by David to Calvin, [and that Coffin said, that in going home from said Fowler's, with David, the said David told him that his father, the plaintiff, had a life lease at home of said farm, conveyed by Calvin to the plaintiff, and if that was not enough, he had the notes at home in his desk.]

The plaintiff objected to the part of said testimony inclosed in brackets, but the court ruled it competent, and the plaintiff excepted.

The plaintiff then recalled David A. Gerrish, who had already

testified that he did deliver the notes to Calvin at said Fowler's, and proposed to ask him whether he did or did not tell Coffin that his father had the life lease, or the notes at home, in going home from said Fowler's; but the court, on the objection of the defendant, ruled the evidence incompetent, and the plaintiff excepted.

To show the value of the premises not to be greater than the consideration alleged to have been paid, the plaintiff called Harvey Scott, who testified that he hired the farm, described in the deed from Calvin Gerrish to the plaintiff, of the plaintiff, in the year 1852, after the conveyance. The defendant objected that the rent agreed upon between the plaintiff and the witness, after the land had been attached and the plaintiff summoned as trustee, upon the idea that the deed was fraudulent, furnished no competent evidence of the value of the premises; and the court sustained the objection, and ruled the evidence incompetent, and the plaintiff excepted.

The defendant offered the deposition of Fisher Ames. The plaintiff objected to the caption, because of the want of reasonable notice to him of the caption. The deposition was taken at San Francisco, in California, on the 2d day of September. Notice of the caption was served on the plaintiff, in Boscawen, in this county, on the 18th of July. To show that the notice was not reasonable, the plaintiff laid before the court the affidavits of Wm. W. Taylor, Edward A. Abbott, and A. Herbert Bellows, explaining the course of the mails between Concord and San Francisco. The court, upon the evidence, was satisfied that the plaintiff might, by proper diligence, have attended to the caption, and that the notice was reasonable, and ruled that the deposition was well taken; and to this ruling the plaintiff excepted.

The plaintiff objected that the answer of Fisher Ames to the fourth interrogatory in his deposition, was incompetent, because not responsive to the question; but the court ruled it competent, and to this ruling the plaintiff excepted.

Said fourth interrogatory and answer are as follows:

"*Interrogatory 4th.* Had you, at or about the time you formed

a business connection with Calvin Gerrish, any conversation with Jacob Gerrish, the plaintiff, in regard to the property of Calvin Gerrish, and in regard to his farm in Franklin, New-Hampshire ?

"*Answer.* Just before the forming of the co-partnership of Ames, Gerrish & Co., Jacob Gerrish, father of Calvin Gerrish, came to our place, that is, my brother's and my foundry, in Fisherville, to see us about Calvin Gerrish going into partnership with us ; and, in order for a full understanding, we talked freely of his son's circumstances. Jacob Gerrish then told us that Calvin was in good circumstances ; that he owed some debts, but that he owed him nothing ; that Calvin had personal property enough to pay all his debts ; also that Calvin owned his farm in Franklin, clear of debt. He said further, that Calvin was not worth so much as his other sons, David and Joseph, and he should at some future time help Calvin more."

A verdict was rendered for the defendant, and the plaintiff moved to set it aside and for a new trial, because of the errors of the court in the rulings above set forth and excepted to.

*Bellows* and *Bartlett,* for the plaintiff.

The testimony of David A. Gerrish that he did not tell Coffin that the plaintiff had a life lease at home, and if that was not enough he had the notes at home in his desk, tends to prove that Maria B. Ames was mistaken. The object was to discredit Coffin, by showing from his own statement a fact inconsistent with his testimony ; therefore, to show that the fact did not exist, has not only a tendency to prove that Mrs. Ames was mistaken, but wholly removes all foundation for the charge of inconsistency.

The value of the farm was a material question in determining the character of the conveyance, and the sum for which it was rented bore legitimately upon the value. It had the same tendency as a sale of the entire estate, and, in England and elsewhere, is the ordinary test.

The fact that it was so rented, after the conveyance, does not affect the competency of the evidence, but only its weight.

It was entirely clear, on the evidence, that the plaintiff could

not have attended the caption in California without taking the first steamer after the notice, and meeting with no delay. This was not reasonable notice, as understood in our courts.

The answer of Fisher Ames as to owing debts, and being indebted to the plaintiff, is clearly not responsive to the interrogatory; and, if that objection does not lie, the rule requiring written interrogatories is substantially rescinded. Rule 32.

The case of *Streeter* v. *Sawyer*, 28 N. H. (8 Foster) 555, does not settle the question, though there is a strong intimation that such an objection cannot be sustained. But it is not for the witness in giving a deposition, more than when testifying on the stand, to decide what shall be stated. He may indeed disclose to the parties or the magistrate what he knows, but the magistrate may very properly confine him to what is responsive.

If more is wanted, the parties may put the proper interrogatories. His oath is substantially to answer the questions fully, and, in doing this, he has a right to make all necessary explanation.

*Pike & Barnard*, and *Morrison*, for the defendant.

1. In answer to the first point raised in the plaintiff's brief, we say: The question was not to discredit Coffin by showing a fact inconsistent with his testimony, but to show that he stated differently in May, 1852, relative to the same matter stated in his deposition.

2. There was a full and liberal compliance with the 20th Rule of Court in taking the deposition of Fisher Ames. This rule must be a guide and authority in determining what is a reasonable notice under the statute. If it be a rule, and be complied with, it should be conclusive.

3. The testimony as to the rent was properly excluded. The offer was to show the plaintiff's declarations, accompanied with an act made a few months after he had taken the fraudulent conveyance, and after the defendant's attachment had been made, and with a view to make testimony in his behalf.

4. We say the answer of Fisher Ames is responsive to the

question. The gist of the inquiry was as to the witness's conversation with the plaintiff as to Calvin Gerrish's property; that is, his condition or standing in life.

In any fair answer to this question, the witness should state not only the assets but the liabilities of Calvin. But the testimony, whether responsive or not, was competent, and highly pertinent to the question in issue, and therefore admissible. *Streeter* v. *Sawyer*, 28 N. H. (8 Foster) 555.

EASTMAN, J. The question before the jury, and the one upon which their verdict turned, was the validity of the deed from Calvin Gerrish to the plaintiff, dated February 6, 1852. The defendant claimed the land as the representative of creditors of Calvin Gerrish, whose debts existed prior to the date of the deed, and who attached the land on the day the deed was made.

The jury must have found that the deed was fraudulent as to creditors; and, if the exceptions taken by the plaintiff to the ruling of the court upon the competency of the evidence are overruled, the verdict may stand; otherwise, it must be set aside.

The disclosure of David A. Gerrish was rightly excluded. What he may have said in the disclosure could have had no connection with the transactions, so as to affect the rights of the parties to this suit. He was not a party to this conveyance, nor interested in it, and it is immaterial what his theory may have been in order to discharge himself as trustee. His acts or sayings could not prejudice this defendant. He never owned this land, and the defendant had no controversy with him about it. The mortgage which Calvin gave to him was of another piece.

Maria B. Ames was called to discredit Enoch Coffin. Coffin had testified that he was present at the time the deed was executed, and saw certain papers delivered to Calvin Gerrish, the grantor, by David A. Gerrish, as the agent of the plaintiff, which the plaintiff contended were notes of Calvin, given up as the consideration of the deed. Maria B. Ames testified that in May, subsequent to the making of the deed in February, Coffin

stated in her hearing that he did not at the time the deed was executed see any notes or papers delivered by David A. to Calvin, and that on their way home, after the deed was made, David A. told him his father had a life-lease of the farm, and had the notes at home in his desk.

Among the ways in which a witness may be impeached, is to show that he has made statements out of court contrary to what he has testified at the trial. 1 Greenl. Ev., sec. 462. And that was the course resorted to in the present instance. The first part of the statement of the impeaching witness was admitted without objection, but the latter part was excepted to as incompetent. But we think it was admissible. The point that was attempted to be made out by Coffin's testimony, was that he had seen the notes given up to Calvin at Judge Fowler's office; and he stated to Maria B. Ames not only that he did not see any papers then delivered, but, further, that David A. said that his father had a life-lease of the farm, and that the notes were at home in his father's desk. This latter part was not so directly contradictory as the first, but, being in the same conversation and upon the same subject, it was so far connected with it as to be part of it, and was in its character contradictory of the statement that the notes were given up when the deed was made.

The testimony of David A. Gerrish that he did not make the statement to Coffin which Maria B. Ames swore Coffin made to her, was rightly excluded. It was not the testimony of David A. Gerrish that the defendant was attempting to impeach, but of Coffin; and the point was, whether Coffin had given a different account of the matter out of court from that which he had testified to in the cause. Coffin might have been called to testify that he never made any such statement to Maria B. Ames as she swore to; and so any others who might have been present at the time of the conversation between Coffin and Mrs. Ames, if there were any, might also have been called to state what they heard; but for Gerrish to testify whether he had so told Coffin would have been foreign to the matter at issue, that is, whether Coffin had so stated, and was inadmissible upon the

general principle that evidence must be confined to the point at issue. 1 Greenl. Ev., sec. 50.

The proposition to prove the value of the land by the rent of the same by the plaintiff, after the attachment was made and the controversy between the parties had arisen, was rightly rejected. It was in the nature of a statement by the plaintiff himself as to its value. He had fixed a price for the rent, which the tenant accepted, and it was his valuation, made at a time when evidence depreciating the value might be material. It was in effect his sayings as to the value, and therefore inadmissible.

The plaintiff objected to the deposition of Fisher Ames, on the ground that reasonable notice of the caption was not given. The statute provides that the party proposing to take a deposition shall cause notice to be given to the opposite party " a reasonable time before the taking thereof." Rev. Stat., chap. 188, sec. 15. And the rules of court provide that " twenty days' notice shall be sufficient in all cases." Rules of Court 20.

This deposition was taken at San Francisco, and forty-five days' notice of the taking was given, exclusive of the day of service and the day of caption. The court below, upon testimony laid before them as to the course of the mails to San Francisco, decided that reasonable notice was given, and that the plaintiff, by proper diligence, might have attended the caption.

Notice of the taking of a deposition at such a distance from the residence of the parties cannot be regarded as governed by the general rules of court; if so, twenty days' notice would be sufficient. That rule cannot override the statute, and when the court can see that it would be impossible for a party to reach the place of caption in twenty days, it must necessarily be held that the rule does not apply to such a case. Except where such impracticability exists, the rule must be applied; and it devolves upon the party excepting to show the fact that it does exist.

These exceptions, where, from the nature of the case, the rule cannot be applied, must be judged of and determined as they may arise, by the court before whom the case is tried. The fact of the distance from the residence of the party to the place of

caption, and the time required to overcome it, and the consequent compliance or non-compliance with the statute in giving the notice, must be decided by the presiding judge at the trial, upon the evidence furnished; and this court will not revise such a decision, unless the question is expressly reserved for that purpose. *Bowman* v. *Sanborn*, 26 N. H., (6 Foster) 87; *Higbee* v. *Bacon*, 11 Pick. 428.

Cases of this kind will very seldom arise, and we think it well enough to leave them to be determined by the judge at the trial, upon the facts presented, without attempting to lay down any further rules at present upon the subject.

The exception to the fourth answer of the deposition of Ames, as not being responsive to the question, we also think must be overruled. The answer is somewhat elaborate, but comes fairly enough within the purview of the question. The call was for what the plaintiff said in regard to the circumstances of Calvin Gerrish. If such a question had been put to the witness upon the stand, the court, it appears to us, would have permitted the answer to have been given as responsive to the interrogatory. *Streeter* v. *Sawyer*, 28 N. H. (8 Foster) 555.

We arrive at the conclusion, then, that the rulings of the court, upon the evidence, may be sustained; and as those are the only questions presented by the case, there must be

*Judgment on the verdict.*